UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANN M. DECORREVONT,<br>    Plaintiff, | Case No. 1:19-cv-0137<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act ("EAJA") (Doc. 16), the Commissioner's response in opposition (Doc. 18), and plaintiff's reply in support of the motion (Doc. 20).

**I. Prevailing Party and Substantial Justification**

Plaintiff filed her motion for attorney fees under the EAJA, 28 U.S.C. §§ 2412(a) and (d). (Doc. 16). The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In the present case, defendant filed a "Unilateral Motion to Reverse, Enter Judgment, and

Remand the Commissioner's Decision for Further Administrative Proceedings" on May 14, 2019. (Doc. 6). Defendant conceded in the motion that the administrative law judge (ALJ) had committed an error by failing to include a mental functional limitation in the hypothetical question posed to the vocational expert (VE); as a result, the ALJ's finding at step five of the sequential evaluation process that plaintiff could perform a significant number of jobs in the national economy was not supported by substantial evidence. Defendant sought a remand for further administrative proceedings at which the ALJ would obtain additional VE testimony and give plaintiff the opportunity for a new hearing. (*Id.*). Defendant sought plaintiff's consent to the remand, which plaintiff declined to give. (*Id.*). Defendant therefore filed his motion unilaterally.

Shortly thereafter, plaintiff filed a response in opposition to the motion to remand (Doc. 7) and her statement of specific errors (Doc. 8). Defendant filed a motion to strike plaintiff's statement of errors and, in the alternative, a response in opposition to the statement of errors. (Doc. 11). The Commissioner moved to strike the statement of errors on the ground plaintiff had filed it before the Court ruled on the motion to remand. The Court denied defendant's motion to strike (Doc. 13) and motion for voluntary remand (Doc. 13, 14). The Court reversed and remanded the matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), finding that questions remained as to the impact of plaintiff's rheumatoid arthritis on her functional capacity; the number of jobs available to an individual with plaintiff's mental and physical limitations; and whether plaintiff was entitled to a closed period of disability as an alternative to an award of benefits for the entire period of disability. (*Id.*).

Plaintiff seeks attorney fees and costs in the amount of $4,096.00, which includes attorney fees for 19.25 hours of work at an hourly rate of $192.00, and costs of $400.00. (Doc.

2

16). Plaintiff has submitted documentation in support of the requested number of hours and hourly rate. (*Id*. at 5-10). Plaintiff asserts that whereas the Commissioner sought to limit the remand to a single error related to the ALJ's hypothetical to the VE, plaintiff prevailed on several additional issues raised in her statement of errors which the ALJ is bound to consider on remand pursuant to the Court's Order.

The parties do not dispute that plaintiff is the prevailing party under 28 U.S.C. § 2412(d)(1)(A). Plaintiff became the prevailing party when she obtained an order vacating the ALJ's decision and remanding the matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (Social Security claimant who obtains a Sentence Four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of the EAJA). *See also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012).

The parties also do not dispute whether the government's position meets the substantial justification standard. For its position to be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "position of the United States" means the position taken by the government in the litigation as well as in the underlying agency action. 28 U.S.C. § 2412(d)(2)(D). "[T]he government . . . must justify both positions [i.e. the administrative position and the litigation position] to avoid liability for EAJA fees." *Lewis v. Comm'r of Soc. Sec.*, No. 2:12-cv-0490, 2014 WL 4794415, at *3 (S.D. Ohio Sept. 25, 2014) (citations omitted). "Voluntary remand does not absolve the Commissioner of the burden of demonstrating substantial justification for

3

h[is] position at the administrative level in order to avoid an EAJA fee award." *Fields v. Comm'r of Soc. Sec.*, No. 16-14189, 2019 WL 1253472, at *4 (E.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 643188 (E.D. Mich. Feb. 15, 2019) (citing *Lewis,* 2014 WL 4794415); *Li v. Keisler*, 505 F.3d 913, 919-20 (9th Cir. 2007)).

In the present case, the Commissioner does not contend that his decision was substantially justified. To the contrary, the Commissioner filed a motion to remand conceding that the administrative decision was not substantially supported because the ALJ made an error at step five. The Commissioner contested additional allegations of error that plaintiff raised in her statement of errors (Doc. 9), but the Commissioner does not attempt to justify his position on these claimed errors in his response to plaintiff's fee petition (Doc. 18). The Commissioner has not met his burden of demonstrating that his position was substantially justified at either the administrative or district court level.

The Commissioner argues instead that the requested fee is excessive because plaintiff's counsel did not agree to a voluntary remand. (Doc. 18). The Commissioner asserts that rather than agreeing to a remand, plaintiff's counsel spent 15 hours preparing a statement of errors and a reply to the Commissioner's opposition to the statement, which accomplished nothing more than a voluntary remand would have achieved. The Commissioner argues that the extra time counsel spent on these filings was unreasonable, particularly since plaintiff did not wait for a ruling on the motion for unilateral remand before filing her statement of errors. (*Id*. at 4). The Commissioner concedes that plaintiff was "successful on some issues raised in the statement of errors," but he argues the relief she obtained was no greater than the relief an agreed remand would have provided, i.e., "a remand for further proceedings." (*Id*. at 3).

The Commissioner cites cases from two other district courts to support his position that

4

this Court should not award EAJA fees for work that plaintiff's counsel performed after the Commissioner had moved for a voluntarily remand. (*Id*. at 4). The Commissioner argues that the Court should adopt the reasoning of these cases and find that by opposing the motion to unilaterally remand this case, plaintiff "unnecessarily prolonged litigation [and] wasted limited resources," which led to excessive legal fees. (*Id*. at 5). The Commissioner asks that the number of compensable hours of work requested in the fee petition be reduced by 15 hours and that plaintiff be awarded attorney fees in the amount of $816.00 (4.25 hours at the requested hourly rate of $192.00) and $400.00 in costs, for a total award of $1,216.00. (*Id.* at 4-5).

The fee award should not be reduced based on plaintiff's failure to agree to a voluntary remand. In the cases the Commissioner cites, the courts found there were "special circumstances" that would make an otherwise proper award of fees under the EAJA "unjust." *See Collado v. Apfel*, No. 99 CIV. 4110, 2000 WL 1277595, at *3 (S.D.N.Y. Sept. 7, 2000) (applying Second Circuit law and finding that "equitable considerations should inform a court's decisions in this area"; if "all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing part[y] rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just"); *Hernandez v. Apfel*, No. 96 CIV. 7231, 2001 WL 118604, at *1 (S.D.N.Y. Feb. 8, 2001) (same); *Tavarez v. Comm'r, SSA*, No. 00 CIV. 4317, 2001 WL 936240, at *2 (S.D.N.Y. Aug. 17, 2001) (same); *Williams v. Bowen*, No. 85-2653, 1987 WL 10559, at *3-4 (N.D. Ill. May 6, 1987) (court found that "special circumstances would make an award unjust" under the "unusual circumstances" of that case given that the plaintiff arguably had "brought most of her legal expenses on herself"; the plaintiff had refused the Secretary's offer to remand the case for reconsideration under new regulations,

5

and benefits were ultimately awarded when the claim was reconsidered at the administrative level under the new regulations but based on the same evidentiary record).

The reasoning and holdings in these cases do not apply here. This case does not present "special circumstances" that would make an award of attorney fees "unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner conceded in his motion to remand that the ALJ made an error at step five of the sequential evaluation process related to plaintiff's mental limitations. In her statement of errors, plaintiff alleged several additional errors related to both her mental and physical impairments which were not addressed by the Commissioner in his motion to remand. Plaintiff prevailed on her allegations of error related to the impact of rheumatoid arthritis on her ability to perform gross and fine manipulation bilaterally; the number of jobs available in the national economy to an individual with plaintiff's mental and physical limitations; and whether plaintiff was entitled to a closed period of disability as an alternative to an award of benefits for the entire period of alleged disability. (Doc. 13). It was not apparent at the outset of plaintiff's appeal to this Court whether outright reversal was warranted given the conflicting evidence related to these issues. *See* Doc. 13 at 6; *cf. Tavarez*, 2001 WL 936240, at *3 (the plaintiff should have known that outright reversal was not warranted in light of conflicting evidence and that continued litigation would simply further delay resolution of the plaintiff's claim); *Collado*, 2000 WL 1277595, at *3. Plaintiff's continued litigation after the Commissioner filed his unilateral motion to remand disclosed additional errors in the ALJ's decision which require further development on remand. Thus, by opposing the Commissioner's motion to remand and continuing to pursue her appeal, plaintiff contributed to the successful outcome of her appeal. *Cf. Hernandez,* 2001 WL 118604, at *2.

The Commissioner's position was not substantially justified, and special circumstances

do not make an award of the requested fee in this case unjust. The Court therefore turns to an analysis of the amount of fees to which plaintiff's counsel is entitled. 28 U.S.C. § 2412(d).

## II. Amount of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and costs in the amount of $4,096.00. Plaintiff's request for fees is based on an hourly rate of $192.00, which represents the $125.00 hourly rate set by the EAJA adjusted for inflation. (Doc. 16 at 3). Plaintiff argues that the requested hourly rate of $192.00 is not excessive and is adjusted for inflation based on cost of living increases since the enactment of the EAJA in March 1996. (*Id.*). In support of her request, plaintiff has submitted evidence which includes counsel's time records, counsel's fee contract with plaintiff, counsel's affidavit, "The Economics of Law Practice in Ohio in 2013" attorney fee study results, and the Consumer Price Index reported by the Bureau of Labor Statistics demonstrating an increase in the cost of living since March 1996. (*Id*. at 5-10). The Commissioner does not challenge an increase in the EAJA statutory rate to $192.00. Further, the Commissioner does not challenge the number of hours claimed in the fee petition on any basis other than plaintiff's failure to agree to a voluntary remand. Accordingly, the Court finds that the attorney hourly rate of $192.00, adjusted for cost-of-living increases since enactment of the EAJA, for 19.25 hours of work is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Richard v. Comm'r*, No. 1:17-cv-806 (Doc. 31, May 1, 2019) (Litkovitz, M.J.) (31.4 attorney work hours, and attorney hourly rate

7

of $190.02, adjusted for cost-of-living increases since enactment of the EAJA, were reasonable under 28 U.S.C. § 2412(d)(2)(A)).

In light of the above, the Court finds that plaintiff is entitled to attorney fees for 19.25 total hours of work at an hourly rate of $192.00 and $400.00 in costs, yielding a fee award of $4,096.00. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). *See also Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017) (although the plaintiff has the right to assign the EAJA fee award to the plaintiff's lawyer, the award itself is payable to the plaintiff and the Commissioner has "discretion either to honor or not to honor the assignment.").

The Court therefore **RECOMMENDS** that plaintiff's motion for attorney fees be **GRANTED** and plaintiff be **AWARDED** attorney fees and costs in the amount of **$4,096.00** under 42 U.S.C. § 2412..

Date: 4/22/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANN M. DECORREVONT,  
    Plaintiff,

Case No. 1:19-cv-0137  
Dlott, J.  
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,  
    Defendant.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).